IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Olga Estefani Avila Ramirez,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-05204-PHX-MTM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state that they "do not oppose the habeas petition and agree to the statutory relief of an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 8.) The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, ___ F.4th ___ (9th Cir. July 30, 2026).

**IT IS ORDERED:**

(1)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2)    Respondents must release Petitioner from custody under the same conditions that existed before her detention or provide Petitioner a bond redetermination hearing within **SEVEN (7) CALENDAR DAYS** of this

Order unless Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing. Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

(3)    Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

(4)    Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 31st day of July, 2026.


_____
Honorable Michael T. Morrissey
United States Magistrate Judge

- 2 -